FILED
United States Court of Appeals
Tenth Circuit

December 1, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

NATASHA BLUEBERRY; LAMARA
GLAZE; DANA GRIGGS; JESSICA
REECE; KAREN THRASH,

      Plaintiffs - Appellants,

v.

COMANCHE COUNTY FACILITIES
AUTHORITY, a/k/a Comanche County
Detention Center, d/b/a Comanche County
Jail,

      Defendant - Appellee.

No. 16-6144
(D.C. No. 5:13-CV-00278-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **PHILLIPS** and **McHUGH**, Circuit Judges.
_____

Appellants brought claims under 42 U.S.C. § 1983 alleging they were sexually

abused while in the custody of the Comanche County Detention Center ("CCDC") in

violation of their Eighth Amendment rights. The district court granted summary

judgment in favor of the Comanche County Facilities Authority ("CCFA"), finding

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

there were no disputed genuine issues of material fact as to the CCFA's potential liability for the alleged abuse. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

For the purpose of this appeal, we accept appellants' contention that their constitutional rights were violated when a detention officer sexually assaulted them or allowed other inmates to sexually assault them. The issue before us is whether the CCFA may potentially be held liable for the alleged abuse. The district court concluded that it could not be because appellants failed to establish deliberate indifference by the administrator of the CCFA, who was the final policymaker for the CCDC. It also found that appellants failed to establish that the CCFA's policies or lack of policies caused the alleged abuse.

Appellants argue that the district court erred because the CCFA's lack of institutional control—as evidenced by its failure to supervise employees and enforce polices concerning sexual assault investigations—rose to the level of deliberate indifference and therefore establishes a basis for liability under § 1983.

## II. Analysis

"We review de novo the district court's grant of summary judgment, applying the same legal standard as the district court." *Harrison v. Eddy Potash, Inc.*, 248 F.3d 1014, 1021 (10th Cir. 2001). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To survive

2

summary judgment, a plaintiff "must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (internal quotation marks omitted).

To establish municipal liability on a § 1983 claim, a plaintiff must show that "the municipality *itself* cause[d] the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). We have identified three elements to such a claim: "(1) official policy or custom, (2) causation, and (3) state of mind." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). An official policy or custom may take many forms, including "a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision." *Id.* at 770. This requirement is intended to limit the municipality's liability to acts for which it is actually responsible, not merely those of its employees. *Id.*; *see also City of Canton*, 489 U.S. at 385 ("*Respondeat superior* or vicarious liability will not attach under § 1983."). Causation may be established if the plaintiff shows "the municipality was the moving force behind the injury alleged." *Schneider*, 717 F.3d at 770 (internal quotation marks omitted). "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied." *Id.* (internal quotation marks omitted). Finally, to show that "a facially lawful municipal action has led an employee to violate a plaintiff's rights," the plaintiff must show that the action "was

3

taken with deliberate indifference as to its known or obvious consequences." *Id.* (internal quotation marks omitted). In the context of a "failure to train" claim under § 1983, even a showing of gross negligence by the municipality is inadequate to meet the state-of-mind requirement. *City of Canton*, 489 U.S. at 388 & n.7.

We conclude, as did the district court, that the record fails to establish a basis for holding the CCFA liable for appellants' alleged injuries. "The mere fact that an assault occurs does not establish the requisite indifference to a prisoner's constitutional rights." *Hovater v. Robinson*, 1 F.3d 1063, 1066 (10th Cir. 1993) (internal quotation marks and ellipsis omitted). Rather, "[t]he deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998).

The notice required to show deliberate indifference "can be established by proving the existence of a pattern of tortious conduct." *Id.* To support a finding of such a pattern, appellants point to evidence of three incidents of sexual misconduct at the CCDC that occurred within about four years of the alleged misconduct underlying their claims. However, as noted by the district court, each incident prompted an investigation, all three of the employees involved ceased to work at the CCDC (two were terminated and one resigned), and the conduct for which those employees were disciplined was less egregious than that alleged in this case. Contrary to appellants' argument, these incidents do not show the CCFA followed a pattern or custom of

4

disregarding tortious conduct.  Instead, the incidents show that inmate complaints were taken seriously by the CCFA.  *Cf. Gonzales v. Martinez*, 403 F.3d 1179, 1187 (10th Cir. 2005) (reversing summary judgment because the evidence supported an inference that the sheriff's "purported ignorance of the dangerous conditions in the jail was a direct result of his lackadaisical attitude toward his responsibility to run the institution").

With respect to most of the misconduct underlying their allegations, appellants point to no evidence that the CCFA had actual knowledge of an excessive risk to their safety.  "An official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation."  *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).  We reject appellants' contention that their vague and informal attempts to notify unspecified CCDC employees constituted constructive notice to the CCFA about the alleged assaults.  As appellants concede, only one of them made a formal complaint about being sexually assaulted.  Her complaint triggered an investigation and the prompt suspension of the detention officer involved.  An inmate who participated in the assault received a ten-year sentence upon being convicted, and additional security cameras were installed to provide coverage of "blind spots" at the CCDC.  Appellants make no showing that these "blind spots" presented such an obvious risk that the CCFA was aware of them before the incidents alleged in this case.  These responsive

actions by the CCFA suggest that once it became aware of risks the inmates faced it chose not to ignore them but rather took steps to address them.

Although appellants take issue with the district court's characterization of the detention officer as a "rogue employee," Aplt. App., Vol. 8 at 2266, they concede that prior to the formal complaint by one of them, the CCFA neither knew nor had reason to suspect that the detention officer posed a threat to CCDC inmates. "At the summary judgment stage, the requirement of deliberate indifference imposes a burden on the plaintiff to present evidence from which a jury might reasonably infer that the prison official was actually aware of a constitutionally infirm condition." *Tafoya*, 516 F.3d at 922. Yet appellants have not shown that the conditions at the CCDC were such that it was highly predicable or plainly obvious that he would violate their rights. *See Barney*, 143 F.3d at 1308; *see also Hovater*, 1 F.3d at 1066 (concluding that the sheriff did not disregard an obvious risk to inmate safety by allowing a male guard to have custody of a female inmate absent any indication that he would assault her).

Appellants' argument that the CCFA failed to enforce its policy of conducting written performance evaluations of CCDC employees after 90 and 180 days of employment is also unavailing. The detention officer at the center of appellants' allegations (who was suspended from his job once the investigation began and died in a car accident shortly thereafter) had not reached 90 days of employment at the CCDC and so had not undergone an evaluation per the prescribed policies. In any event, appellants make no showing or argument that an earlier evaluation would have

6

prevented their alleged injuries or that the evaluation policies themselves violated their rights. "[R]igorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Barney*, 143 F.3d at 1307 (internal quotation marks omitted).

With respect to the four appellants who did not report their assaults to the CCFA, there are no specific allegations that the absence of procedures or forms is what prevented them from informing the CCFA. *See Hovater*, 1 F.3d at 1068 ("A constitutional violation may not be established by a reliance upon unsupported assumptions."). Their contention that inmate complaints were not taken seriously is conclusory and undermined significantly, if not entirely, by their admission that in the only instance one of them made a formal complaint, the surviving perpetrator was prosecuted and convicted.

To the extent appellants argue that additional policies were needed to protect them from serious harm, they do not specify what those would be. *See Serna*, 455 F.3d at 1151 ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings." (internal quotation marks omitted)). The detention officer's conduct clearly violated existing policies at the CCDC, and the CCFA administrator was conducting weekly audits and taking other steps to attempt to ensure that CCDC policies were being followed. *Cf. Gonzales*, 403 F.3d at 1187 (listing several specific facts to support the inference that the sheriff acted with deliberate indifference to an excessive risk to the plaintiff). In the absence of any specifics on what additional policies should have been put in place, we conclude that the failure to enact such

7

policies did not cause their alleged injuries or amount to deliberate indifference that their rights would be violated.

## III. Conclusion

The district court's judgment is affirmed.

Entered for the Court

Timothy M. Tymkovich
Chief Judge